[Civil No. 4622.   Filed June 14, 1944.]

[149 Pac. (2d) 839.]

KENNECOTT COPPER CORPORATION, a Corporation, Petitioner, v. THE INDUSTRIAL COMMISSION OF ARIZONA, and RAY GILBERT, L. C. HOLMES and EARL ROGERS, as Members of The Industrial Commission of Arizona; CLARA D. GUTIERREZ, MANUEL D. GUTIERREZ, VIRGINIA D. GUTIERREZ, Respondents.

Messrs. Fennemore, Craig, Allen & Bledsoe, for Petitioner.

Mr. H. S. McCluskey and Mr. Fred O. Wilson, for Respondent Industrial Commission.

Mr. Orme Lewis, for Respondents Gutierrez.

ROSS, J.—Kennecott Copper Corporation has brought this matter here by writ of *certiorari* to have reviewed an award made by the Industrial Commission to the dependents of Manuel H. Gutierrez, who lost his life June 7, 1942 while in the employ of the petitioner at its mines where he had worked from March 8, 1942 to the time of injury.

The petitioner states the facts, concerning which there seems to be no dispute, as follows:

"At the time of said employee's death and during the entire course of his employment, it was customary for petitioner to carry on its operations on the basis of a six-day, forty-eight-hour week, and employees were paid at the rate of time and one-half for hours worked in any one week in excess of forty. The usual employment then was for an employee to work five days per week at standard pay and one day per week at overtime pay.

"During the thirty-day period immediately preceding the accident and resulting death of the employee herein referred to, said employee worked more than the usual six-day week in that he substituted for a fellow employee who was absent because of illness. By virtue of such extra work over and above the usual six-day week, said employee was paid additional compensation based on the rate of time and one-half for all such extra work. Respondent (Industrial Commission) in determining the award due employee's surviving widow and dependents based its award upon the total earnings of the employee, including the earnings resulting from said extra work, during the thirty-day period immediately preceding his death."

Whether the Industrial Commission's award finds support in the facts and the law is the question for decision. In other words, is the award in accordance with the statute in adding to the decedent's normal and over-time "the additional pay" he received for substituting for his fellow employee, absent because

of illness, and in awarding compensation on the sum total thus obtained?

The material portion of the statute applicable, sec. 56–952, Arizona Code Annotated 1939, where the employee, as here, is injured or killed after he has been employed thirty days or more, reads as follows:

*"Measure of compensation—Average monthly wage —Computation.*—Every employee of any employer subject to the provisions of this article, who shall be injured by accident arising out of and in the course of employment, or his dependents, as hereinafter defined, in case of his death, shall receive the compensation herein fixed, on the basis of average monthly wage at the time of injury. The term 'monthly wage' shall mean the average wage paid during and over the month in which such employee is killed or injured. If the injured or killed employee has not been continuously employed for the period of thirty (30) days immediately preceding the injury or death, the average monthly wage shall be such sum as, having regard to the previous wage of the injured employee, or of other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality, reasonably represents the monthly earning capacity of the injured employee in the employment in which he is working at the time of the accident. . . . "

The basis of compensation is the employee's "average monthly wage." The Legislature is here speaking of employees who have been employed at the time of injury or death at least one or more months. As was said in *State Road Commission* v. *Industrial Commission,* 56 Utah 252, 190 Pac. 544, 548.

" . . . An average cannot be computed by means of a single factor. The ordinary meaning of the word implies that more than one factor must be considered. Webster defines the word 'A mean proportion, medial sum or quantity, made out of unequal sums or quantities.' The Legislature evidently intended that the

weekly wage (monthly wage here) should be computed with reference to some period of time, including the date of the injury. It intended that the wage at the time of the injury should be considered in connection with wages previously earned. . . . ''

The Legislature has arbitrarily said "monthly wage" is the average wage paid employee for the month in which he was killed or injured. As we have said an average wage cannot be based on the wage the employee received for just one month. We, therefore, construe the statute to mean that if the employee, at the time of his injury or death, has been employed for thirty or more days, his normal and over-time wage for the previous thirty days shall be the basic wage for computing compensation to him or to his dependents in case of his death. If he has not been continuously employed for thirty days immediately preceding injury or death, the compensation shall be based, Section 56–952 says, on his "average monthly wage" to be ascertained by the formula given in such section. The "average monthly wage" where the employee has been employed thirty or more days preceding the injury, or for less period of time, is the basic figure to be used in computing compensation. *De Galaviz* v. *Industrial Comm., ante,* p. 377, 149 Pac. (2d) 837.

The question is, What is meant by average wage paid the month the employee is killed or injured? Does it mean the employee's normal and over-time wage, and also wage paid him for substituting for a fellow employee absent from work on account of illness? The Industrial Commission decided the employee's total pay on account of his own job, and also the wages of the fellow servant for whom he substituted was the average wage of the employee and awarded compensation on that basis. It is true the statute says in effect what the employee was paid for

.the last month he worked shall be his average wage. We think this must mean what he was paid on account of his own normal and over-time wage, and does not include the wage of his fellow servant for whom he substituted.

We are satisfied the Industrial Commission was wrong in computing compensation on the basis of the employee's wage, together with the wage he earned by substituting for another employee. As a fact, we know the combined wages are not the average monthly wage the law makes the basis of computing compensation.

Since the case must be remanded, we call attention of the Industrial Commission to this fact, that compensation is, under the law, to be computed on the monthly, or thirty-day, basis, and not a weekly basis as in many jurisdictions. We think the findings should show the average monthly wage of the employee and not his average weekly wage.

The award is set aside.

STANFORD and TRUMAN, JJ., concur.

NOTE: Because of the illness of Chief Justice McALISTER, the Honorable W. C. TRUMAN, Judge of the Superior Court of Pinal County, was called in to sit in his place and stead.