96 Ariz. 41 (1964)
391 P.2d 594
John D. KURTZ, Petitioner,
v.
Martin MATICH et al. (Martin-Sundt & Bevanda), Defendant Employer, and the Industrial Commission of Arizona, Defendant Insurance Carrier, Respondents.
No. 7674.
Supreme Court of Arizona, En Banc.
April 22, 1964.
H.S. McCluskey, Phoenix, for petitioner.
Lorin G. Shelley, Phoenix, for respondent The Industrial Commission of Arizona; Donald J. Morgan, C.E. Singer, Jr., Ben *42 P. Marshall, Robert D. Steckner, Raymond E. Peterson, Phoenix, of counsel.
STRUCKMEYER, Justice.
Certiorari from an award of the Industrial Commission of Arizona.
Petitioner John D. Kurtz was working as a carpenter on a scaffold. A steel beam fell from above striking him on the back and knocking him off the scaffold to the ground, some thirty-five feet. Petitioner's principal injury was to his low back, being diagnosed as a fairly severe myo-ligamentous strain. Thereafter commenced a long history of nerve root irritation involving the left sciatic nerve, probably as the result of the protrusion of the intervertebral discs at L5-S1.
Petitioner returned to light work in April, 1958, but became disabled from continuing on the job and received additional medical treatments, including supervised exercise and ultra sonic heat treatments. The medical examining board, on December 15, 1961, noted that he continued to complain of intermittent low back pain although he was doing light work, occasionally missing a day's work, and he wore a low back brace and refused treatment by surgery. The board found that his condition as related to the accident was stationary.
On January 26, 1962, the Commission found that petitioner's physical condition was stationary; that his average monthly wage prior to the injury was $331.23; that although he suffered a fifteen per cent general physical functional disability, petitioner had been able to earn an average monthly wage of $616.22 since the accident and therefore suffered no loss in earning capacity.
Petitioner first urges that his physical condition is not stationary in that he still suffers intermittent recurring lapses at which times he is unable to work or perform the usual duties of a carpenter. We think, however, that it is unnecessary to examine into this question because of our recent decision in Adkins v. Industrial Commission, 95 Ariz. 239, 389 P.2d 118. There, we declared subsection F of A.R.S. § 23-1044 unconstitutional and void.
Subsection F required that the Commission, not later than nine months from the time that the physical condition of an injured employee became stationary, determine the amount which represented the claimant's reduced monthly earning capacity and upon such determination make an award which was not subject to change in the event of subsequent change in earning capacity. It is now of no moment that petitioner's physical condition is not stationary. Petitioner may establish, under the decision in Adkins v. Industrial Commission, supra, at any future time that his earning capacity has changed because he is unable to work or perform the usual duties *43 of a carpenter as a result of the accident  and this, irrespective of whether from a medical standpoint his physical condition has become stationary.
Petitioner attacks the finding that he sustained no loss of earning capacity. As to this the Commission found that petitioner returned to work on June 13, 1960, and performed the same type of work on a full time basis from which he was able to earn an average monthly wage of $616.22, a wage in excess of his average monthly wage prior to his injury. The Commission in its brief concedes that the average monthly earnings following injury of $616.22 includes general pay increases granted carpenters after petitioner's injury and that petitioner's "subsequent earnings should have been adjusted to reflect the general pay increases so gained."
The Commission argues, however, that after adjustment for general pay increases the petitioner's average monthly wage as adjusted is still in excess of his average monthly wage at the time of the accident. Obviously, if, after the wage adjustment for increases for carpenters, petitioner earns more than he earned prior to his injury, then he is not entitled to disability payments under the statute. But, if after adjustment, his earnings are not in excess, he would be entitled to compensation in some amount.
This brings us to the argument that petitioner's average monthly wage, found to be $331.23 at the time of the injury, is incorrect. To determine petitioner's average monthly wage prior to the injury, the Commission took certain information from a memorandum of an employee in the claims department. This memorandum stated that "claimant's wage was established at $331.23 which was his average with four employers for 312 days preceding the injury." There is no evidence in the record to support the facts stated in the memorandum and petitioner had no opportunity to rebut the information on which the Commission acted.
Moreover, it does not correctly compute petitioner's average monthly wage in accordance with the decisions of this Court. We said, in Kennecott Copper Corp. v. Industrial Commission, 61 Ariz. 382, 149 P.2d 839:
"We * * * construe the statute [A.R.S. § 23-1044C] to mean that if the employee, at the time of his injury or death, has been employed for thirty or more days, his normal and over-time wage for the previous thirty days shall be the basic wage for computing compensation to him or to his dependents in case of his death." 61 Ariz. 385, 149 P.2d 840.
In Pettis v. Industrial Commission, 91 Ariz. 298, 372 P.2d 72, we approved the computation of average monthly wage by averaging the wages earned over a twelve-month period. There, the Commission took the average for one year preceding the accident. *44 It included two months during which time petitioner did not work because of a shutdown by his employer. We said:
"Where an injured employee loses time during the previous year for reasons over which he has no control, and where the loss of time is not a common and ordinary incident to the particular employment, such time should be omitted in computing his average monthly wage." 91 Airz. 303, 372 P.2d 75.
Normally, consistent with Kennecott Copper Corp. v. Industrial Commission, supra, the thirty days previous to the injury should be the basic wage for computing compensation but if the employment is intermittent for reasons over which the employee has control or the loss of time is a common and ordinary incident to the particular employment, the Commission may properly average a longer period to determine a wage base. In the instant case, there is a suggestion arising out of the memorandum that petitioner was not steadily employed as a carpenter. Assuming this to be true, still there is no evidence from which the Commission could determine that the loss of time was or was not a common and ordinary incident to the particular employment.
We are of the view that there is insufficient evidence to sustain the Commission's computation of average monthly wage prior to the petitioner's injury. The award must therefore be set aside. On further hearing, if the Commission is of the opinion that petitioner has received all medical benefits possible, it should establish a wage base from evidence subject to examination and rebuttal by petitioner and then consider petitioner's earnings after the injury in the light of the views herein expressed.
Award set aside.
UDALL, C.J., LOCKWOOD, V.C.J., and BERNSTEIN and JENNINGS, JJ., concur.