451 P.2d 892

**Donald PEDIGO, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and Bilby Produce Company, Inc., Respondents.**

**No. 1 CA–IC 211.**

Court of Appeals of Arizona.

March 19, 1969.
Rehearing Denied April 21, 1969.
Opinion Vacated May 28, 1969.
See 104 Ariz. 433, 454 P.2d 975.

Gorey & Ely, by Stephen S. Gorey, Phoenix, for petitioner.

Robert D. Steckner, Chief Counsel, by Michael A. Lasher, Jr., Phoenix, for respondent The Industrial Commission.

DONOFRIO, Chief Judge.

This case is before the Court by writ of certiorari brought by the injured workman to test the lawfulness of a decision upon hearing and order affirming findings and award for unscheduled permanent partial disability, issued on May 23, 1968. This decision found that the average monthly wage of $524.55 originally set in a findings and award issued on October 31, 1966, was res judicata.

Two questions are presented for determination by this Court:

1. Is the "finding and award for continuing benefits and establishing average monthly wage" issued October 31, 1966, res judicata as to the issue of average monthly wage?

2. If this Court determines that the award in question No. 1 is not res judicata, was the determination of the Commission in establishing average monthly wage arbitrary?

There is no issue that the petitioner was injured in an industrial accident on January 8, 1966, and that that injury entitled him to workmen's compensation benefits. The two issues presented are concerned only with the determination of average monthly wage.

## RES JUDICATA

We discussed the question of when an action of The Industrial Commission should be given res judicata effect in Talley v. Industrial Commission of Arizona, 9 Ariz. App. 308, 451 P.2d 886 (filed 13 March 1969). In that case we said:

"* * * In our opinion the basic tests in relation to the claim of an injured workman arising out of unscheduled injuries, in a file wherein there is no issue as to the fact of a compensable injury, are that Commission action must show a final determination that (1) the injured workman's physical condition has become stationary and (2) that there will be no award for permanent partial disability or that the percentage physical functional disability is established together with a determination as to the loss of earning capacity. * * *" 9 Ariz.App. at page 311, 451 P.2d at page 889.

\* \* \* \* \* \*

"The basic problem is to avoid 'piece meal litigation'. In our opinion it is contrary to the intent of the law to make successive, partial adjudications which become final before all of the issues in relation to that injury have reached the stage of final adjudication, subject to certain rights to reopen as above recognized. To require an injured workman to seek successive writs of certiorari to test intermediate findings would be burdensome to him, would unduly delay the adjudicating process, and would greatly increase the burden upon the Courts." At page 311, 451 P.2d at page 889.

In the instant case the findings and award issued on October 31, 1966, does not meet either of the tests set forth in Talley, supra. It is apparent from the face of that document that the petitioner's physical condition was not stationary, and the percentage of physical functional disability was not established, nor was there a determination of loss of earning capacity.

■ We therefore hold that the findings and award of October 31, 1966, is not a final award and is not entitled to res judicata effect. This brings us to a consideration of the second question advanced by the petitioner.

## AVERAGE MONTHLY WAGE

The Commission file contains a "wage memorandum" which indicates that the petitioner's actual earnings thirty days prior to his injury were $592.20 per month. The employer's first report of the injury indicates that the petitioner was steadily employed, and had been for three and one-half years. With regard to the determination of average monthly wage under these circumstances, the Supreme Court has said:

"Normally, * * * the thirty days previous to the injury should be the basic wage for computing compensation but if the employment is intermittent for reasons over which the employee has control or the loss of time is a common and ordinary incident to the particular employment, the Commission may properly average a longer period to determine a wage base. * * *"

Kurtz v. Matich, 96 Ariz. 41, at page 44, 391 P.2d 594, at page 596 (1964).

In the instant case there were no exceptions which would justify averaging the wage over a longer period than the thirty days prior to the injury. The petitioner was steadily employed, and had been for some years. There was no showing that the employment was intermittent or seasonal.

■ It is the opinion of the Court that the evidence does not sustain the finding of the Commission that the petitioner's average monthly wage was $524.55. The average monthly wage should have been determined on the basis of the petitioner's

earnings in the thirty-day period preceding the accident.

For the reasons set forth above, the award is set aside.

STEVENS and CAMERON, JJ., concur.