470 P.2d 482

**Guadalupe ZAPIEN, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Peter Kiewit Sons & Company, Respondent Employer,**

**Aetna Casualty and Surety Company, Respondent Carrier.**

**No. 1 CA–IC 268.**

Court of Appeals of Arizona, Division 1, Department A.

June 11, 1970.

Gorey & Ely, by Stephen S. Gorey, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Morgan & Jerome, by Donald J. Morgan, Phoenix, for respondent carrier.

DONOFRIO, Presiding Judge.

This is a writ of certiorari to review the lawfulness of an award and findings of the Industrial Commission of Arizona dated February 11, 1969, which affirmed a previous hearing and award entered on November 20, 1967.

Petitioner suffered an industrial accident on March 14, 1966 while moving some timbers on road work near Wikieup, Arizona. He contends that the award is incorrect in three respects.

■ First, petitioner urges the award incorrect in that he was entitled to six additional days of partial disability, contending that he had missed six days of work between the date of his injury and March 30, 1966. The Commission made March 30th the commencement date for its award of compensation. On this point petitioner's position is based upon the fact that his disability kept him from work more than fourteen days and therefore his compensation should begin as of the date of injury, March 14, 1966, rather than the selected date of March 30, 1966. He cites A.R.S. § 23–1062, subsec. B and Roberson v. Industrial Commission, 98 Ariz. 336, 404 P.2d 419 (1965). Although we agree with the law set forth in those authorities, we are unable to find any evidence to support the position urged by counsel that petitioner missed the six days of work.

At the hearing the employer's supervisor testified that petitioner commenced work as a traffic flagman on the day immediately following his accident, remaining on that job three days; that thereafter he worked at some light jobs around the employer's district office until he was transferred back to the job on the road, the one to which he objected. All of the reports and memoranda in the file indicate that petitioner worked and re-

mained on the payroll, receiving his full rate of pay for the entire period through March 29, 1966. Although petitioner would be entitled to compensation from the date of injury until such time as he was able to return to work, less the amount received as wages, we are unable to find that he was prejudiced by the manner in which this award was made since he suffered no loss.

Next, petitioner urges that the award is unlawful in that his average monthly wage was incorrectly determined. He contends the Commission failed to take into consideration in the year used five weeks of work he missed as a result of a strike over which his particular union had no control.

■ Again we agree with the announced law that where, during a given year, an injured employee loses time due to events over which he has no control, and where the loss of time is not a common and ordinary incident to the particular employment, such time should be omitted in computing his average monthly wage. Pettis v. Industrial Commission, 91 Ariz. 298, 372 P.2d 72 (1962). However, we cannot agree that the Commission acted unlawfully in this matter.

Petitioner relies upon the evidence presented that the Operating Engineers Union was on strike from June 23 to July 27, 1965, and that this strike, although not initiated by petitioner's union, held up all labor in road construction work. He then relies upon a statement indicating that his last day of work in Arizona during this period was June 1, 1965, and on another statement which showed that he started working again in Eugene, Oregon, on August 4, 1965, assuming this space of time as a period of unemployment. A reading of the file reveals several statements in conflict with this assumption.

Two different W–2 forms were submitted evidencing petitioner's employment in Oregon. One of the forms shows an earlier employment than the August 4th date, to-wit: a notation showing a beginning date of "7–10–65" with Warren Broth-

ers. Another notation shows employment with W. R. Skousen to a period ending June 12, 1965, instead of the June 1, 1965 date.

▪ Petitioner did not testify at any of the hearings. We find no evidence that any of his unemployment during the strike period was actually due to the strike. Neither do we find any evidence that petitioner was available for work during the period of the strike.

▪ The burden of establishing the average monthly wage is upon the petitioner. Morris v. Industrial Commission, 81 Ariz. 68, 299 P.2d 652 (1956); Riggins v. Industrial Commission, 9 Ariz.App. 469, 453 P.2d 980 (1969). We hold, therefore, that the record supports the Commission's finding and award on this issue.

▪ In the last point raised, petitioner urges that he was entitled to additional medical benefits because he continued to seen an orthopedic specialist after the date the Commission had found that he had been medically discharged. Here again, the burden is upon petitioner. He did not testify and we are unable to find evidence in the record to support any loss of medical benefits to which he is entitled. We find the award is reasonably supported by the evidence.

· Affirmed.

STEVENS and CAMERON, JJ., concur.