498 P.2d 223

**Margaret S. CASTILLO, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**W. T. Grant Company, Respondent Employer,**

**Liberty Mutual Insurance Company, Respondent Carrier.**

**No. I CA–IC 698.**

Court of Appeals of Arizona,
Division 1,
Department B.

June 15, 1972.

Rehearing Denied July 10, 1972.

Review Denied Sept. 12, 1972.

Langerman, Begam & Lewis, P. A. by Frank Lewis, Jack Levine, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, for respondent.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Ralph E. Mahowald, Phoenix, for respondents employer and carrier.

EUBANK, Judge.

We issued our writ of certiorari to review the lawfulness of an award and findings of The Industrial Commission terminating petitioner's medical benefits.

Although the petitioner presents questions for review relating to her right to choose the doctor of her choice, in this case one who is a chiropractor and naturopath, and to abide by his advice regarding the course of treatment recommended for her by him, the main question is whether petitioner sustained her burden of proving the need for additional medical benefits.

The facts are that on August 28, 1970, petitioner sustained an industrial injury, in the nature of a sprain, to her left foot while pricing merchandise and stocking shelves with cosmetics at W. T. Grant Company in Phoenix. She continued working, but on August 31, 1970, because of the pain she went to Dr. Victor J. Haag, a chiropractor and naturopath. He diagnosed the condition of her left foot as a *plantar fascitis* (an irritation to the muscular covering of the bottom of the foot), and initiated a course of treatment involving heat treatments which resulted in 24 office calls.

Petitioner's report of injury was made on September 3, 1970, and the respondent carrier required petitioner to be examined by Dr. Elliott S. Katz, M.D., an orthopedic surgeon, on September 8, 1970. He was of the opinion that she was not in need of further medical treatment. Following a notice and hearing on the termination of benefits, the hearing officer found that a conflict in the medical opinion existed between Doctors Haag and Katz as to whether or not petitioner was in need of further medical treatment beyond September 8, 1970, and he additionally found that,

"7. Applicant was not in need of further medical treatment beyond Septem-

ber 8, 1970 and it appears that further heat to the area [left foot] would increase the swelling and prolong the period of disability."

Consequently, the award terminated medical benefits as of September 8, 1970. The Commission affirmed the award on July 19, 1971, and this review resulted.

The rules for reviewing an Industrial Commission award are well settled. Our Supreme Court in the case of In Re Estate of Bedwell v. Industrial Commission, 104 Ariz. 443, 454 P.2d 985 (1969), said that it is the burden of the applicant to show affirmatively all the material elements necessary to sustain an award, and,

". . . The test in reviewing an award denying compensation is that it must appear that the evidence was such that, as a matter of law, the award of the commission cannot be sustained because there is no reasonable basis in the evidence upon which the commission could have reached its conclusion. . . ." (104 Ariz. at 444, 454 P.2d at 986).

Further, the court said that the weight which must be accorded the Commission's findings is that they be given the same consideration as those of a jury or a trial judge and in this process the Commission is the judge of the weight of the evidence and its conclusions based upon the weight of the evidence will not be disturbed on appeal. Finally, the Supreme Court stated that the reviewing court must always consider the evidence in a light most favorable to sustaining the award. *See also*, Micucci v. Industrial Commission, 108 Ariz. 194, 494 P.2d 1324 (1972).

Our review of the record confirms the conflict in the medical evidence. Under such circumstances we must affirm the award of the Commission. Micucci v. Industrial Commission, supra.

Turning to the question of the need for medical services, it is clear that a person injured in an industrial accident is entitled to medical benefits. A.R.S. § 23–1021. Further, it is clear that he or she may employ a physician whose fees are fixed by the Commission and who must report to the Commission concerning the injury and course of treatment. A.R.S. § 23–908. On the other hand, the employer also has the right to have the injured employee examined by a physician of the employer's choice. A.R.S. § 23–908. Moreover, an express limitation is imposed by A.R.S. § 23–1062 upon the extent to which medical services are to be provided a claimant at the carrier's expense. It provides:

"A. Promptly, upon notice to the employer, every injured employee shall receive medical, surgical and hospital benefits or other treatment, nursing, medicine, surgical supplies, crutches and other apparatus, including artificial members, *reasonably required* at the time of the injury, and during the period of temporary disability . . . ." (Emphasis supplied).

Our Court has held that where the question is raised as an issue, as here, the burden of proving the need for additional medical benefits is on the petitioner. Zapien v. Industrial Commission, 12 Ariz. App. 334, 470 P.2d 482 (1970).

As we have previously stated, the issue was raised, a medical conflict of opinion resulted, and the Commission relied upon the opinion of the specialist—Dr. Katz as the basis for their award. *See* Meeks v. Industrial Commission, 7 Ariz.App. 150, 436 P.2d 928 (1968).

Award affirmed.

HAIRE, C. J., Division 1, and JACOBSON, J., concur.