529 P.2d 1197

**FLOYD HARTSHORN PLASTERING COMPANY, INC., Petitioner Employer,**
**and**
**Liberty Mutual Insurance Company, Petitioner Carrier,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Arthur O. Martinez, Jr., Respond-ent Employee.**

**No. 1 CA–IC 987.**

Court of Appeals of Arizona, Division 1, Department A.
Dec. 31, 1974.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, by Ralph E. Mahowald and Lawrence H. Lieberman, Phoenix, for petitioner employer and petitioner carrier.

Edward F. Cummerford, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

W. Mercer Bouldin, Tucson, for respondent employee.

## OPINION

DONOFRIO, Presiding Judge.

Petitioner has filed this writ of certiorari contending that the respondent Industrial Commission failed to follow the law of this case as decided by Floyd Hartshorn Plastering Co., Inc. v. Industrial Commission of Arizona, 16 Ariz.App. 498, 494 P. 2d 398 (1972).

On June 24, 1969 respondent employee Martinez and two fellow employees were injured in an accident which arose out of and in the course of their employment with petitioner employer Floyd Hartshorn Plastering Co. Martinez and all other plasterers had received a raise in their hourly pay scale effective June 1, 1969. In addition, Martinez had some earnings in the months prior to his industrial injury while doing essentially the same type of work for other employers. Questions arose as to whether the Commission could properly include wages earned by Martinez at his moonlighting jobs in the determination of his average monthly wage, and what effect should be given to the hourly wage increase which Martinez obtained on June 1, 1969.

In Hartshorn, supra, authored by Judge Haire, the Court essentially held that it was proper to include wages which Martinez earned performing part-time jobs in the same or similar employment, but that the Industrial Commission committed error when it computed the percentage of the wage increase and related it back over the entire period of respondent employee's earnings with the respondent employer, thereby arriving at a wage which respondent employee "might have earned" rather than what he did earn. For this reason the award of the Industrial Commission was set aside on March 7, 1972. On August 16, 1972 the Industrial Commission entered findings and award establishing monthly wage. This award found that respondent employee Martinez' actual earnings for the 30 days prior to injury amounted to $769.12 and that sum was established as his average monthly wage. On October 4, 1972 Martinez filed a request for hearing and another formal hearing was held on February 15, 1973. On March 7, 1973 the Commission issued its decision upon hearing and findings and award establishing average monthly wage. In our judgment this decision failed to utilize the method promulgated by the decision in Hartshorn in determining average monthly wage. The Commission again determined, through a different method, how much Mr. Martinez "might have earned" if his wage increase had been applicable to the entire period of his employment with Floyd Hartshorn Plastering Co., Inc. In addition, this award included earnings of Martinez at his part-time jobs but in so doing averaged those earnings over the period of January 1, 1969 through June 23, 1969. The result was the determination of an average monthly wage of $930.86. The first award determined the average monthly wage to be $877.50, and that determination was set aside by this Court. Petitioners in this action contend the average monthly wage to be $842.81. This is based on the actual earnings of the claimant 30 days immediately prior to the injury from his full-time employment and on an average of his part-time earnings based on the period of time from the commencement of his employment with Hartshorn on October 28, 1968 until his injury on June 23, 1969.

It should initially be pointed out that both parties agree that the controlling law in this case is the previous Hartshorn decision, supra. Furthermore, this principle has been enunciated clearly in Kasprowitz v. Industrial Commission, 20 Ariz.App. 116,

510 P.2d 427 (1973). Our task is to determine whether this law has been properly applied.

■ Judge Haire in his opinion clearly indicated under the facts of the case that the period affording the most reasonable basis for determining claimant's average monthly wage was the period of 30 days immediately prior to the injury. It was the Court's opinion that where there was continuous full-time employment 30 days preceding the injury, A.R.S. § 23–1041 contemplates that the *wages received* during that 30-day period should be the guideline for determining the average monthly wage. It is only in those instances where the wages do not "realistically reflect" the earning capacity of the claimant that the Commission can consider wages received over a reasonable period in excess of thirty days. See Kennecott Copper Corp. v. Industrial Commission, 61 Ariz. 382, 149 P.2d 839 (1944). No facts have been produced in this case to show that the claimant's salary increase prior to the injury was of an unusual nature thereby distorting the accuracy of the average monthly wage based on the thirty days immediately preceding the injury.

■ The Commission, however, has not followed this Court's conclusions. Instead, they have ignored the actual prior 30-day wage and expanded the prior 23-day earnings to a monthly total by speculating as to how many hours the respondent employee might have worked that month and then multiplied that number of hours by the new hourly rate. By taking the 23-day wages and attempting to expand them to 30 days, the second hearing officer arrived at a monthly base of $820.96. The actual earnings of the claimant as found by the hearing officer in his May 28, 1970 decision upon hearing and findings establishing average monthly wage were:

"2. * * * that the applicant had actual earnings with the defendant employer from May 24, 1969 through June 23, 1969 in the amount of $769.12."

This conclusion is firmly supported in the record. Therefore, the Commission's determination as to this issue must be set aside.

■ As to the issue of what period of time best reflects the claimant's average monthly wage with respect to his part-time earnings, we are unable to determine whether the period chosen by the hearing officer (Jan. 1, 1969 to date of injury) is proper. Petitioner argues that the period chosen should have commenced on October 3, 1968 when claimant began working for the full-time employer, and that the award indicates a misunderstanding of the evidence, for in Finding No. 9 the hearing officer states, " * * * this was the only period [Jan. 1, to June 23, 1969] for which evidence was presented." Yet, Exhibit No. 1 received into evidence states on its face:

"These are all the records concerning Arthur O. Martinez earnings from Smith and Green during the period of time from June, 1968 through June, 1969."

And Exhibit No. 2 states:

"This is a complete record of payroll records for Arthur O. Martinez, Jr. for years 1968 and 1969."

Both of these exhibits, however, reflect wages earned only during the first six months of 1969. Although on their face they purport to be wage records for the years 1968 and 1969, their contents seem to reflect otherwise. In essence, the exhibits' contents seem in conflict with what they purport to represent. They do point out, however, that the significant portion of claimant's part-time earnings were made in May and June of 1969. Although the hearing officer may not arbitrarily choose a period of time in calculating average monthly wage so as to improperly reflect claimant's average monthly earnings, he must be given the discretion to choose a period of time which he feels leads to a just result. There is no conflict in choosing a different period of time for part-time earnings from the period of time chosen

for full-time earnings. See Hartshorn, supra, fn. 6, 16 Ariz.App. at 505, 494 P.2d 398.

Because of this enigma raised by these exhibits we are unable to determine whether the computation of claimant's part-time earnings is proper. If in fact the record is clarified to disclose that claimant's earnings are only for the year 1969, we could not say that the period chosen by the hearing officer was arbitrary. Petitioner would have to carry the burden of persuasion as to why this period was arbitrary. Likewise, if the hearing officer in this matter again determines that the period to be used in calculating claimant's part-time earnings is January 1, 1969 to the date of injury and deletes from his findings of facts, "this was only the period for which evidence was presented", we would have to uphold his judgment unless petitioner could indicate that the period led to an inaccurate calculation of claimant's part-time average monthly wage.

Award set aside.

OGG and STEVENS, JJ., concur.