655 P.2d 1345

James DAVIS, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Lou Regester Furniture Company, Respondent Employer,

Industrial Indemnity Company, Respondent Carrier.

No. 1 CA–IC 2725.

Court of Appeals of Arizona, Division 1, Department C.

Nov. 23, 1982.

---

294

Dee Dee Samet, P.C. by Dee Dee Samet, Tucson, for petitioner.

James A. Overholt, Acting Chief Counsel, Industrial Com'n of Arizona, Phoenix, for respondent.

Everett, Bury & Moeller, P.C. by Kenneth D. Everett, J. Michael Moeller, Tucson, for respondent employer and respondent carrier.

## OPINION

JACOBSON, Presiding Judge.

In this special action review of an Industrial Commission award, the dispositive issue is whether a routine hourly wage increase within a month before an industrial injury justifies using an expanded wage base to compute the average monthly wage. The administrative law judge used an expanded wage base for this reason. Because we conclude this was error, we set aside the award.

The relevant procedural history is as follows. On February 11, 1981, the respondent carrier issued a notice of claim status establishing a $637.22 average monthly wage for the petitioner. The Industrial Commission thereafter independently established the same average monthly wage. *See* A.R.S. § 23–1061(F). The petitioner timely protested and hearings were held.

The administrative law judge relied on the following facts to make his decision. On October 26, 1979, the petitioner began work for the respondent employer as a truck driver and furniture mover. He was paid $3.50 per hour. On February 1, 1980, he received a raise to $3.75 per hour. The following November 15, 1980, he received another raise to $4.00 per hour. He was injured at work ten days later.

The award established a $650.26 average monthly wage for the petitioner. The dispositive findings were as follows:

11. ... The Court of Appeals on two occasions has specifically rejected the projection of wages based on a wage increase received during the period of 30 days before the industrial injury. *Floyd H. Hartshorn Plastering Co., Inc. v. Industrial Commission*, 22 Ariz.App. 603, 529 P.2d 1197 (1974); and *Floyd Hartshorn Plastering Co. v. Industrial Commission*, 16 Ariz.App. 498, 494 P.2d 398 (1972). The Administrative Law Judge is to be given discretion in choosing a period of time which he feels leads to a just result in establishing the average monthly wage. *Floyd Hartshorn Plastering Co., supra.*

12. The applicant received a wage increase from $3.50 an hour to $3.75 per hour on February 1, 1980. The total wages earned from this date through the date of injury equals $6,392.24. This figure, divided by the total number of days since the wage increase on February 1, 1980, equals an average monthly wage of $650.26.

After exhausting administrative remedies, the petitioner sought special action review

of this award. *See* A.R.S. § 23–951; 17A A.R.S. Special Actions, Rules of Procedure, rule 10.

■ On appeal, the petitioner urges the court to permit the extrapolation of a wage increase received within the month before an industrial injury. He also argues that even if this extrapolation is impermissible, the wage base that the administrative law judge used unjustifiably diluted the wage increase.

In *Floyd Hartshorn Plastering Co., Inc. v. Industrial Commission,* 22 Ariz.App. 603, 529 P.2d 1197 (1974) (*Hartshorn II*), this court set aside an award for an average monthly wage that extrapolated a wage increase. The petitioner has cited no authority for a contrary rule, and we have discovered none. *See* A. Larson, The Law of Workmen's Compensation, § 60.11 (1981). Because of the relationship between workmen's compensation premiums and the wage actually received, the proposed extrapolation is actuarially unsound. *See, e.g., Brisendine v. Skousen Brothers,* 48 Ariz. 416, 62 P.2d 326 (1936); *Still v. Industrial Commission,* 27 Ariz.App. 142, 551 P.2d 591 (1976). We therefore reject the petitioner's first argument.

On the other hand, for the reasons that follow, we agree with the petitioner's second argument. We reject, however, his related contention that the correct wage base was from October 15 to November 25, 1980.

A.R.S. § 23–1041 governs the average monthly wage determination. In relevant part it states:

A. Every employee of an employer within the provisions of this chapter who is injured by accident arising out of and in the course of employment, or his dependents in event of his death, shall receive the compensation fixed in this chapter on the basis of such employee's *average monthly wage at the time of injury.*

B. If the injured or killed employee has not been continuously employed for the period of thirty days immediately preceding the injury or death, the average monthly wage shall be such amount as, having regard to the previous wage of the injured employee or of other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality, reasonably represents the monthly earning capacity of the injured employee in the employment in which he is working at the time of the accident.

\* \* \* \* \* \*

D. The term 'monthly wage' means the average wage *paid during and over the month in which the employee is killed or injured.* (Emphasis added.)

Confusion has resulted from this combination of a compensation standard referring to the average monthly wage and a definition of monthly wage referring to wages paid during the month before the injury. *See Floyd Hartshorn Plastering Co. v. Industrial Commission,* 16 Ariz.App. 498, 494 P.2d 398 (1972) (*Hartshorn I*); *United Metro v. Industrial Commission,* 117 Ariz. 47, 570 P.2d 818 (App.1977). Some cases have avoided the confusion by narrowly interpreting the definition to apply only to an employee who has worked for less than one month, while others have avoided it by interpreting the definition to apply to all employees unless special circumstances justified averaging the wages earned over a longer time. *Compare, e.g., Powell v. Industrial Commission,* 104 Ariz. 257, 451 P.2d 37 (1969) *with e.g., Kurtz v. Matich,* 96 Ariz. 41, 391 P.2d 594 (1964).

*Hartshorn I* followed this more moderate approach because of its consistency with the statutes' history and the plain meaning of its terms. The court clarified the rule as follows:

[T]he statute contemplates ... that the wages received during that thirty day period should constitute the basic wage for the determination of the average monthly wage. However, if the evidence

shows that for some reason said wages do not realistically reflect the claimant's demonstrated earning capacity, then the Commission should consider wages received over such a reasonable period in excess of thirty days as would allow the consideration of pertinent factors.

16 Ariz.App. at 505, 494 P.2d at 405.

Accordingly, although the administrative law judge has broad discretion to fix a realistic wage base, this discretion is conditional: the evidence must justify using a wage base greater than one month. These justifications include, but are not limited to, intermittent employment, see *United Metro v. Industrial Commission, supra;* seasonal employment, see *Pettis v. Industrial Commission,* 91 Ariz. 298, 372 P.2d 72 (1962); or inflated wages received during the month before the injury, see *Kennecott Copper Corp. v. Industrial Commission,* 61 Ariz. 382, 149 P.2d 839 (1944).

In the present case, the justification was the routine hourly wage increase the petitioner received during the month before the injury. *Hartshorn I* and *Hartshorn II,* relied upon to support the award, strongly indicate the contrary. In *Hartshorn I,* a routine wage increase received within the month before the injury was retroactively applied to past earnings; in *Hartshorn II,* this wage increase was extrapolated to a full month. Both calculations were set aside. In dictum, however, the court in each case stated that a routine wage increase did not justify using a wage base greater than one month. 22 Ariz.App. at 605, 529 P.2d at 1199; 16 Ariz.App. at 505, 494 P.2d at 405. We agree and hold that a routine wage increase alone does not justify using an expanded wage base. In such a case, A.R.S. § 23-1041 requires an average monthly wage calculation based on the wages actually received during the month before the injury.

In this context, the respondents assert that the award is justified because the petitioner worked intermittently. The record belies this assertion. The respondent employer's accounting procedures, not intermittent employment, caused the apparent irregularity in the hours worked. The administrative law judge confirmed this during the hearing.

We also reject the petitioner's argument that the correct wage base was from October 15 to November 25, 1980. This argument is inconsistent with our holding that the presumptive 30 day wage base applies to this case.

For the reasons given above, the administrative law judge unjustifiably used an expanded wage base to calculate the petitioner's average monthly wage. We therefore must set aside the award.

Award set aside.

CONTRERAS and BROOKS, JJ., concur.