668 P.2d 889

**ELCO VETERINARY SUPPLY,**
Petitioner Employer,

**Aetna Casualty & Surety Company,**
Petitioner Carrier,

v.

**The INDUSTRIAL COMMISSION OF
ARIZONA, Respondent,**

**James Shaff, Respondent Employee.**

No. 1 CA–IC 2834.

Court of Appeals of Arizona,
Division 1, Department C.

April 26, 1983.

Rehearing Denied June 15, 1983.

Review Granted July 12, 1983.

Jones, Teilborg, Sanders, Haga & Parks
by Calvin Harris, Phoenix, for petitioner
employer and petitioner carrier.

James A. Overholt, Chief Counsel, The Indus. Com'n of Arizona, Phoenix, for respondent.

Fresquez & Fresquez by Joseph E. Fresquez, Flagstaff, for respondent employee.

## OPINION

JACOBSON, Presiding Judge.

The sole issue in this review of an Industrial Commission award is whether the administrative law judge used the proper period to establish the average monthly wage of an injured claimant whose salary was based in part on sales commissions.

In April 1979, the claimant-employee, James Shaff, began work for the petitioner employer, Elco Veterinary Supply, as a warehouseman, route salesman, truck driver, and deliveryman. He hurt his back on the job on November 15, 1979, but continued working until January 30, 1980, when the back pain became disabling.

The claimant was paid a salary of $800 per month plus commissions. The commissions varied each month depending upon his sales success. The following chart shows the claimant's monthly commissions:

| DATE | COMMISSIONS |
| --- | --- |
| 05/15/79 | $ 47.49 |
| 06/15/79 | 135.51 |
| 07/15/79 | 79.04 |
| 08/15/79 | 54.92 |
| 09/14/79 | 70.94 |
| 10/15/79 | 99.81 |
| 11/15/79 | 153.09 |
| 12/15/79 | 198.99 |
| 01/15/80 | 267.24 |

The petitioner carrier issued a notice of claim status establishing a $882.03 average monthly wage for the claimant. This was calculated by using the claimant's total earnings from the date he began employment until the date of injury. The Industrial Commission thereafter independently established the same average monthly wage. *See* A.R.S. § 23–1061(F). The claimant protested, and hearings were held.

At the scheduled hearing, only the claimant appeared. He testified that his ability to earn commissions was progressive. As he learned to perform his job more efficiently, he earned higher commissions. For this reason, he disagreed that an average of his total earnings before the injury accurately reflected his earning capacity. The administrative law judge issued an award establishing a $1,067.24 average monthly wage. This was based on the claimant's actual earnings between December 15, 1979 and January 15, 1980, the last period for which he received commissions. In the decision upon review, the administrative law judge amended the average monthly wage determination, by establishing a $953.09 average monthly wage based on the claimant's actual earnings the month before the injury, October 15, 1979 to November 15, 1979. This special action followed to challenge this average monthly wage determination.

On appeal, the petitioners first argue that the administrative law judge was required to use an expanded wage base in this case. They rely on cases such as *Powell v. Industrial Commission*, 104 Ariz. 257, 451 P.2d 37 (1969); *Pettis v. Industrial Commission*, 91 Ariz. 298, 372 P.2d 72 (1962); *Steward v. Industrial Commission*, 69 Ariz. 159, 211 P.2d 217 (1949), which interpret A.R.S. § 23–1041(D) to apply only if the claimant worked less than 30 days for the employer before injury.[1] They acknowledge, however, contrary authority. *See, e.g., Kurtz v. Matich*, 96 Ariz. 41, 391 P.2d 594 (1964).

We recently commented on these confusing interpretations of A.R.S. § 23–1041(D) in *Davis v. Industrial Commission*, 134 Ariz. 293, 655 P.2d 1345 (1982). We noted that some cases have interpreted A.R.S. § 23–1041(D) to apply only to a claimant who has worked for less than one month. However, *Davis* rejected this approach and test because of its inconsistency with the statute's history and the plain meaning of its terms. Under the *Davis* test, the wages earned during the 30 days

1. Section 1041(D) defines the term "monthly wage" to mean the average wage paid to the claimant during and over the month in which the employee is killed or injured.

preceding the injury are the presumptive average monthly wage, but the administrative law judge has broad discretion to use an expanded wage base when the presumptive wage base does not realistically reflect earning capacity. Because we believe this is the correct test, we reject the petitioners' first argument which would apply A.R.S. § 23–1041(D) only to the employee who has worked less than 30 days.

The petitioners next argue that the administrative law judge had the discretion to use an expanded wage base in this case. The claimant answers by arguing that this discretion applies only if the employment is seasonal. He also argues that his variable commissions are analogous to routine wage increases, which he contends would normally be reflected in an increased average monthly wage.

■ We reject both of the claimant's arguments. Seasonal employment is but one justification for using an expanded wage base. *See Davis v. Industrial Commission, supra.* Other justifications include, but are not limited to, intermittent employment and inflated wages received during the month before the injury. *Id.* Furthermore, the claimant's variable commissions are not analogous to a routine hourly wage increase. The hourly wage increase is fixed, whereas the commissions received are variable. We therefore agree with petitioners that the administrative law judge had discretion in this case to use an expanded wage base.

The petitioners lastly argue that the administrative law judge did not properly exercise his discretion in using the expanded wage base in this case because the respondent employee had earned his highest commission in the month prior to the injury, and therefore the 30 day period utilized does not realistically reflect the claimant's true earning capacity. We disagree. The evidence that the claimant's sales ability was progressive would support the inference that his earnings the month before the injury realistically reflected his earning capacity at the time of his injury. Because we must affirm an award supported by any

reasonable evidence, *see, e.g., Salt River Project v. Industrial Commission,* 128 Ariz. 541, 627 P.2d 692 (1981), we must affirm this award.

■ In this context, the petitioners also argue that the administrative law judge erroneously allowed evidence and considered the claimant's commissions earned after the industrial injury. We agree that wages earned after the industrial injury cannot be considered as part of the wage base for calculating the average monthly wage. *See Davis v. Industrial Commission, supra.* However, evidence of the commissions earned after the injury were relevant here in determining whether the claimant's sales ability was progressive, and whether the 30 day period prior to injury realistically reflected his earning capacity at the time of injury. *See, e.g., Reader v. General Motors Corporation,* 107 Ariz. 149, 483 P.2d 1388 (1971). The post-injury commissions were relevant to these issues.

For the foregoing reasons, the award is affirmed.

BROOKS and OGG, JJ., concur.