[Civil No. 4308. Filed January 13, 1941.]

[109 Pac. (2d) 46.]

HARRY HERSHKOWITZ and JESUS GALLEGO HERSHKOWITZ, Petitioners, v. ARIZONA HIGHWAY DEPARTMENT, Defendant Employer, THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, Respondents.

Mr. Lemuel P. Mathews and Mr. Harlow H. Akers, for Petitioners.

Mr. Rouland W. Hill and Mr. Howard A. Twitty, for Respondents.

LOCKWOOD, C. J.—This is a *certiorari* from an award of the Industrial Commission hereinafter called the commission. The undisputed facts are as follows: On May 22, 1940, one Adolph Hershkowitz was killed by an accident arising out of and in the course of his employment with the Arizona State Highway Department. A claim for dependents' allowance was filed by his parents, Harry Hershkowitz and Jesus Gallego Hershkowitz, hereinafter called petitioners, on June 28th. On July 24th the commission made an award which found that the average monthly wage of Hershkowitz at the time of his death was $50 and that petitioners were entitled to compensation as partially dependent parents. The award was for the payment of the expenses of burial, and the sum of $7.50 per month to petitioners, to continue during the period of dependency. The award further provided:

"It is further ordered that any party aggrieved by this award may apply for rehearing of the same, by filing application therefor at the office of this Commission, within twenty days after the service of this award, as provided by the rules and regulations of this Commission."

On August 22d petitioners filed a motion for rehearing, and on the same day the commission denied the motion on the ground that the petition had not been filed within twenty days from the date of service of the original findings and award upon petitioners, whereupon the matter was brought before us for review.

■■ The commission is authorized by the statute creating it to make rules regulating the presentation of claims and procedure thereon, as it may deem proper. Sec. 56–904, Arizona Code 1939. In pursuance of this section, it has adopted a rule that a motion for rehearing must be presented within twenty days after the notice of the original award has been given, and provides for the manner in which such notice may be given, one of these methods being through the United States mail. The question has been before us repeatedly as to whether a petitioner is entitled, as a matter of right, to a rehearing, and we have held in substance that when a petition for rehearing is not filed within the twenty days provided by the rules of the commission, petitioner is not so entitled. *Schultz* v. *Industrial Commission,* 44 Ariz. 357, 37 Pac. (2d) 372. If, therefore, it appears that petitioners did not ask for a rehearing within the twenty days, we cannot say that it erred in refusing to grant it.

The record in the present case shows that on July 24th a letter was written, addressed to petitioners at Congress, Arizona, and enclosing a copy of the findings and award. Under the rules of the commission this letter, if properly mailed, was sufficient notice of the making of the award. There is no affirmative evidence before us specifically stating that the letter was mailed, but the record does show that on August 12th one of the members of the local bar called upon the commission, examined the file, and stated in substance that petitioners had contacted him by telephone and

stated that they wished to protest the award. He also asked for a form of petition for rehearing, stating that he knew the time would be up on the next day. On August 14th another attorney appeared, representing petitioners, and stated that he had been absent from the state of Arizona, and that upon his return the 13th of August he found on his desk a copy of the findings and award of the commission, dated July 24th. Petitioners also stated that they learned on August 8th of the award and its nature.

■■ We think under all these circumstances it was sufficient to justify the commission in holding that the letter above referred to had been mailed to petitioners on July 24th, that they had received it within twenty days, and that they failed to make the application for rehearing within the time required by the rules. *Consolidated Motors, Inc.,* v. *Skousen et al., ante,* p. 481, 109 Pac. (2d) 41. This, however, does not deny to petitioners their right to a writ of *certiorari* to review the award as made. Sec. 56–972, Arizona Code 1939. It limits them, however, to the question as to whether the record made on the original award sustains it, and does not permit them to make the objection that they were not given an opportunity to present such other and further evidence on the question as they might desire, a right which they would have had if the application for the rehearing had been timely.

Upon an examination of the record, taking it in the strongest manner in support of the award of the commission, we find that deceased was working as a powderman at the time of the injury which resulted in his death; that the regular scheduled wages of powdermen were $8 per day; that on this particular type of job they worked six days per week, but only two weeks out of a month, and that deceased had been working on the particular job for only three and one-half days

at the time the accident occurred. Situations of this kind are governed by the provisions of section 56–952, Arizona Code of 1939, which reads, so far as material, as follows:

*"Measure of compensation—Average monthly wage —Computation.* Every employee of any employer subject to the provisions of this article, who shall be injured by accident arising out of and in the course of employment, or his dependents, as hereinafter defined, in case of his˙ death, shall receive the compensation herein fixed, on the basis of average monthly wage at the time of injury. The term 'monthly wage' shall mean the average wage paid during and over the month in which such employee is killed or injured. If the injured or killed employee has not been continuously employed for the period of thirty (30) days immediately preceding the injury or death, the average monthly wage shall be such sum as, having regard to the previous wage of the injured employee, or of other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality, reasonably represents the monthly earning capacity of the injured employee in the employment in which he is working at the time of the accident. . . . "

 It appears that the wage basis is that which "reasonably represents the monthly earning capacity of the injured employee in the employment in which he is working at the time of the accident." A mathematical computation upon the facts above stated shows that his earning capacity was at the rate of $96, instead of $50, per month, the basis upon which the award was made. This would affect the monthly compensation permitted to the parents.

The award is set aside.

McALISTER and ROSS, JJ., concur.