466 P.2d 770

Harmon Spier VINYARD, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Bar-D Corporation, Respondent Employer, State Compensation Fund, Respondent Carrier.

No. I CA–IC 290.

Court of Appeals of Arizona, Division 1, Department A.

March 23, 1970.

Rehearing Denied April 10, 1970.

Review Granted May 5, 1970.

552

Strickland, Altaffer, Davis & Eppstein, by Robert W. Eppstein, Tucson, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Dee-Dee Samet, Phoenix, for respondent Carrier State Compensation Fund.

CAMERON, Judge.

This is a writ of certiorari to review the lawfulness of a finding and award of the Industrial Commission of Arizona determining petitioner's average monthly wage as the result of a permanent partial disability (unscheduled).[1]

The sole question before the Court is whether the Commission erred in determining petitioner's average monthly wage based on the twelve-month period prior to the injury.

The facts necessary for the determination of the matter on appeal are as follows. Petitioner, a 55-year-old carpenter, was injured in an industrial accident on 5 May 1966. Petitioner at the time of the injury was employed at a base rate of $4.50 per hour or $792 per month.

The petitioner had worked only two days for this particular employer though he had worked for three other employers during the previous 12-month period. In computing his income for the previous 12-month period, the Commission found that he had an average income of $310.25 per month. There is no question that the computation was mathematically correct.

Petitioner objected to this determination and a hearing was held 9 January 1969 at which time he and an insurance agent, with a significant portion of his business involving the construction business, testified. The insurance agent testified:

"Q  Are you aware of the conditions in the construction industry for the period of May, 1965 through May of 1966?

"A  Yes, sir.

"Q  Were you familiar with the general state of the construction industry in the five years previous to that time?

"A  Yes, sir.

1.  This case was decided under the law as it existed prior to 1 January 1969.

"Q And the years subsequent to that time, also?

"A Yes, sir.

"Q How would you describe the period of May, 1965 through May, 1966?

\*     \*     \*     \*     \*     \*

"A It was a very low period in the construction business. People don't build houses and buildings and are not buying insurance. If there is no building, they don't buy insurance.

"Q Was the construction activity in this period of time, if you know, unusually low as compared to the five year period previously?

"A It was the lowest I have ever seen it in the time I have been in Tucson."

Petitioner testified as follows:

"Q Now would you tell us what the general conditions were for employment in the carpentry field between May of '65 and May of '66, in the Tucson area?

"A They were at a very low ebb, about the worse that I had experienced in the approximately thirteen years that I had been a resident of Tucson up to that time, due to recession in the building and to the abnormal weather that we were having at that time.

\*     \*     \*     \*     \*     \*

"Q Now it is true, isn't it, Mr. Vinyard, that there are usually some ups and downs in the construction industry in the carpentry employment in a five year period?

"A Yes.

"Q Now compared to these usual ups and downs, was the period of May, '65 to May, '66 significantly different from the usual?

"A Definitely."

Evidence was also introduced which was not disputed and showed petitioner's income for the 6 years prior to the accident as follows:

| 1961 | $7,089.49 |
| 1962 | $5,893.45 |
| 1963 | $9,011.47 |
| 1964 | $7,489.94 |
| 1965 | $5,574.60 |
| 1966 | $ 270.00 (the year he was injured) |

The Arizona statute applicable at the time of the injury reads as follows:

"§ 23–1041. Basis for computing compensation

"A. Every employee of an employer within the provisions of this chapter who is injured by accident arising out of and in the course of employment, or his dependents in event of his death, shall receive the compensation fixed in this chapter on the basis of such employee's average monthly wage at the time of injury.

"B. If the injured or killed employee has not been continuously employed for the period of thirty days immediately preceding the injury or death, the average monthly wage shall be such amount as, having regard to the previous wage of the injured employee or of other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality, reasonably represents the monthly earning capacity of the injured employee in the employment in which he is working at the time of the accident."

Since the petitioner in this case had worked only two days for this particular employer paragraph B should be applied. It is the contention of petitioner that because of abnormal weather and economic conditions, the twelve-month period prior to the injury was "unordinary" and did not "reasonably" represent petitioner's monthly earning capacity at the time of the accident. With this we agree.

Generally, basing the average monthly wage on the twelve-month period prior to the injury will be fair and reasonable and will take into account existing economic conditions. Our Supreme Court has noted:

"'\*   \*   \* The authorities seem to agree that the employee in common with all others must bear the loss resulting from

a business depression. It follows as a necessary corollary thereto that the employee in common with all others is entitled to the enjoyment of benefits resulting from general wage increases due to eras of great prosperity in the nation. * * '."

Gallo v. Industrial Commission, 83 Ariz. 392, 397, 322 P.2d 372, 376 (1958).

The Supreme Court had earlier stated:

"The legislature said that the 'average monthly wage shall be such sum as * * * reasonably represents the monthly earning capacity of the injured employee in the employment in which he is working at the time of the accident'

* * *.

"* * * The opportunity afforded for work in that particular employment whether it be intermittent or seasonable or whether it is continuous the year round is an important factor to be considered." Steward v. Industrial Commission, 69 Ariz. 159, 167, 211 P.2d 217, 222 (1949).

These cases do not mean, however, that the Commission is required in all cases to base its average monthly wage determination on a twelve-month history. Although determination of the average monthly wage under paragraph B of § 23-1041 is left largely to the discretion of the Commission, it may not ignore evidence such as was presented herein which indicated that the twelve-month history is not a representative period upon which to determine said average monthly wage. Two later Supreme Court cases have stated:

"The Commission, in computing petitioner's average monthly wage, could properly take into consideration the fact that a usual incident of petitioner's employment was that he would lose time due to weather conditions. However, petitioner's loss of work from February 7, 1959 to April 5, 1959 was not occasioned by weather conditions but was due to a shutdown by his employer. Petitioner testified that during such period he could have worked had his employer worked. * * *

"Where an injured employee loses time during the previous year for reasons over which he has no control, and where the loss of time is not a common and ordinary incident to the particular employment, such time should be omitted in computing his average monthly wage. (citations omitted) Accordingly, the Commission should have excluded the two months during which petitioner received no wages due to a shutdown by his employer in computing his average monthly wage." Pettis v. Industrial Commission, 91 Ariz. 298, 302, 303, 372 P.2d 72, 75 (1962).

And:

"The measure of compensation for injuries received in industrial accidents is computed on the basis of the injured employee's 'average monthly wage at the time of injury.' A.R.S. § 23-1041, subsec. A (1963). According to Kennecott Copper Corp. v. Industrial Commission, 61 Ariz. 382, 149 P.2d 839 (1944), the thirty days previous to the injury should be the basic wage for computing compensation. Where, however, the employment is intermittent for reasons over which the employee has no control or the loss of time is not a common and ordinary incident to the particular employment, the Commission should omit such time in computing the average monthly wage. * * *." Waller v. Industrial Commission, 99 Ariz. 15, 21, 406 P.2d 197, 201 (1965).

█ We agree with petitioner that he is entitled to a more representative view of his loss of earning capacity. Under the facts in this case it was error to limit petitioner's wage history, as a base for determining his average monthly wage, to the twelve months immediately preceding the injury.

The award is set aside.

DONOFRIO, P. J., and STEVENS, J., concur.