472 P.2d 33

Harmon Spier VINYARD, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Bar-D Corporation, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 10023-PR.

Supreme Court of Arizona,
In Banc.

July 17, 1970.

Rehearing Denied Sept. 15, 1970.

Strickland, Altaffer, Davis & Eppstein, by Robert W. Eppstein, Tucson, for petitioner.

Donald L. Cross, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, Phoenix, by Dee-Dee Samet, Tucson, for respondent carrier, State Compensation Fund.

LOCKWOOD, Chief Justice:

This case is before us on a petition for review of a decision of the Court of Appeals, 11 Ariz.App. 551, 466 P.2d 770, setting aside an award of the Arizona Industrial Commission. The opinion of the Court of Appeals is vacated and the award of the Industrial Commission is set aside.

Harmon Vinyard, hereinafter referred to as claimant, was employed by the Bar-D Corporation as a carpenter at a base rate of $4.50 per hour, forty hours a week—the equivalent of $792 per month. On May 5, 1966, after working for only two days, he suffered a compensable injury resulting in an unscheduled permanent partial disability. The sole issue in the case is how to compute his "average monthly wage" for the purpose of determining his compensation.

In the year preceding his job with Bar-D he worked for three other employers. His annual earnings, back to 1961, were:

| | |
|---|---|
| 1961 | $7,089 |
| 1962 | 5,893 |
| 1963 | 9,011 |
| 1964 | 7,489 |
| 1965 | 5,574 |
| 1966 | 270 |

The Commission averaged his earnings for the twelve months immediately preceding his accident and arrived at a figure of $310.25 per month as his average monthly wages. The evidence showed that in 1965–66 the construction industry (in which claimant worked) was at its lowest ebb in at least thirteen years, due to unusually bad weather and very bad economic conditions. Claimant argued that the Com-

mission should have gone back further into his wage history in order to achieve a fair average. The Commission argued that wages more remote than one year bear no relation to the wage earned at the time of the accident.

The basic statute (A.R.S. § 23–1041) in force at the time of the accident read:

"§ 23–1041. Basis for computing compensation

"A. Every employee of an employer within the provisions of this chapter who is injured by accident arising out of and in the course of employment, or his dependents in event of his death, shall receive the compensation fixed in this chapter on the basis of such employee's average monthly wage at the time of injury.

"B. If the injured or killed employee has not been continuously employed for the period of thirty days immediately preceding the injury or death, the average monthly wage shall be such amount as, having regard to the previous wage of the injured employee or of other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality, reasonably represents the monthly earning capacity of the injured employee in the employment in which he is working at the time of the accident.

\* \* \* \* \* \*

"D. The term 'monthly wage' means the average wage paid during and over the month in which the employee is killed or injured."

These provisions have been on the statute books virtually unchanged since 1933.

The mandate of the statute is clear. If an employee has not worked for one full month, his average monthly wage for the purpose of computing his compensation is that of similar employees in the same or neighboring locality. In a metropolitan area such as Tucson (where this accident happened) carpenters' wages are pretty well standardized and it is a simple matter

to ascertain the prevailing wage for similar work in the same locality. There is, therefore, no need to go back one year (as the Commission did) or five years (as the claimant desires) to ascertain the employee's average monthly wage. Hershkowitz v. Arizona Highway Dept., 56 Ariz. 494, 109 P.2d 46.

The opinion of the Court of Appeals is vacated and the award of the Industrial Commission is set aside.

STRUCKMEYER, V. C. J., and UDALL, McFARLAND and HAYS, JJ., concur.