62

510 P.2d 61

**STATE COMPENSATION FUND and Cementation Company of America, Inc., Petitioners,**

v.

**Raphael ARNOLD, Respondent Employee, The Industrial Commission of Arizona, Respondent.**

**No. 1 CA-IC 745.**

Court of Appeals of Arizona, Division 1, Department A.

May 31, 1973.

Robert K. Park, Chief Counsel, State Compensation Fund by Dee-Dee Samet, Phoenix, for petitioners.

Bouschor & Corcoran, P. C. by John F. Corcoran, Tucson, for respondent employee.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

DONOFRIO, Presiding Judge.

This case is before us on a writ of certiorari to review the lawfulness of an award of The Industrial Commission of Arizona setting respondent employee's wage at $1,000 per month. The issue is whether the award is reasonably supported by the evidence.

The respondent employee, Raphael Arnold, was injured on November 10, 1970 in the course of his employment as a shaft miner while working with cement. He had been employed by petitioning employer, Cementation Company of America, less than 30 days prior to injury. The evidence indicates he was hired by the company on October 27, 1970 at a rate of pay of $5.39 per hour; that his normal work week was 48 hours, the hours over 40 each week being paid at the rate of time and one-half. This was the minimum or starting pay for a shaft miner. The project on which he was working was expected to last more than two years.

In order to fix his monthly wage, evidence was introduced as to the wages earned by other shaft miners doing the same work as respondent at the jobsite. Five other employees earned an average of $1,257.31 each during the month of October 11 to November 11, 1970. None of the employees earned less than $1,000 a month. These same employees during a six-month period from January to July 1970 averaged $1,172.24 per month. The employees were on strike from July 26 to September 11, 1970 after which they returned to the hereinabove stated rate of pay. The average monthly wage advanced by the Fund in its notice of claim status was a figure of

$897.27 which was computed by including a short period of a different rate of pay of two employees during the strike. Respondent employee's income tax returns for the years 1968 and 1969 showed he averaged $500 per month.

Petitioners argue that the Commission should have considered respondent employee's intermittent work history as a "drift" miner which never averaged over $600 a month and that the Commission should not have used wages of the steady employees to set an average monthly wage of $1,000 per month. Petitioners cite in support of their contention the case of Kurtz v. Matich, 96 Ariz. 41, 391 P.2d 594 (1964), wherein the Supreme Court indicated that you may average the employee's wages over a period of time where the employee's work is intermittent either because of the type of job, or for reasons over which the employee has control. We are unable to see where the Commission has disregarded Kurtz. There is nothing to indicate that the Commission has placed respondent employee in the category of a "drift" miner doing intermittent work. The award makes no findings in this respect and the evidence goes into the matter only briefly.

We believe the Commission determined that this case came within the purview of the pronouncements in Vinyard v. Industrial Commission, 106 Ariz. 164, 472 P.2d 33 (1970), and based its determination of the average monthly wage upon the employment in which the employee was engaged at the time of the injury. *See also,* Diaz v. Industrial Commission, 11 Ariz.App. 580, 466 P.2d 799 (1970). Upon reviewing the record we are unable to find that the Commission did not use the correct base in determining the average monthly wage.

We do not imply that the law announced in Kurtz is no longer correct, or that the method used in Vinyard is a hard and fast rule in all cases. We hold only that the guideline used in the instant case, i. e., taking the earnings of fellow employees rather than the previous wage history, comes

within the facts in this case and the applicable law, and is reasonably supported by the record.

Affirmed.

OGG and STEVENS, JJ., concur.