567 P.2d 334
Thomas A. STANTON, Jr., a
minor, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Evco Farms, Inc., Syndicate,
Respondent Employer,

State Compensation Fund, Respondent
Carrier.

No. 1 CA–IC 1474.

Court of Appeals of Arizona,
Division 1,
Department C.

Sept. 28, 1976.

Rehearing Denied Oct. 29, 1976.

Review Denied Nov. 3, 1976.

Rabinovitz, Minker & Dix, P. C., by Bernard I. Rabinovitz, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, Phoenix, for Industrial Commission of Ariz.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, by Robert T. Wilson, Tucson, for respondents employer and carrier.

OPINION

EUBANK, Judge.

This review of the Industrial Commission's award questions whether the hearing officer erred in setting the petitioner's average monthly wage at $80.43.

The petitioner, a high school student and a minor, was employed by the respondent employer on its farm, performing farm labor during the summer months. While so employed, petitioner was injured on August 20, 1973, and subsequently filed a claim for compensation benefits. Following a formal hearing in Tucson, the hearing officer, on

October 27, 1975, filed his findings and award establishing an average monthly wage at $80.43. Petitioner seeks review of this determination. For the reasons stated, we affirm the award.

Petitioner contends the average monthly wage determination should have been computed by the formula approved by our Supreme Court in *Miller v. Industrial Commission*, 113 Ariz. 52, 546 P.2d 19 (1976), rather than the formula used by the hearing officer and approved by our opinion in *Dominquez v. Industrial Commission*, 22 Ariz.App. 578, 529 P.2d 732 (1974).

In *Miller*, the injured employee was a geology student at the University of Arizona and employed for a three-month period during the summer months as a field geologist at $850 a month. He was injured within the first 30 days on the job and suffered a 10% general disability. The hearing officer multiplied the monthly wage of $850 by 3 (the months petitioner was employed), divided by 12 (the months in a year), and arrived at $212.50 as the student's average monthly wage. Our Supreme Court held this was an erroneous basis for the average wage determination, since the student actually earned $850 a month, although actually working only three months, in a job that was not seasonal, intermittent or erratic. The Court said, "The test is whether the employment not the worker is intermittent or erratic." In commenting on our *Dominquez v. Industrial Commission*, supra, case, the Court said:

> This is not such a case as *Dominquez v. Industrial Commission*, 22 Ariz.App. 578, 529 P.2d 732 (1974). *There the issue was the proper manner of determining the average monthly wage of an injured seasonal worker*, the worker being a fruit picker. In *Pettis v. Industrial Commission*, 91 Ariz. 298, 302, 372 P.2d 72, 75 (1962), we said:
>
> > [s]easonal employment refers to occupations which can be carried on only at certain seasons or fairly definite portions of the year. It does not include such occupations as may be carried on throughout the entire year.

Any inferences or suggestions arising out of the language used in *Dominquez v. Industrial Commission*, supra, contrary to this opinion, are disapproved. (Emphasis added). (113 Ariz. at 54, 546 P.2d at 21).

This statement obviously approves of our handling the issue of determining the average monthly wage of an injured *seasonal* worker. In *Dominquez* the hearing officer found:

> Wage pattern of other employees of the defendant employer for the period from January 7, 1973 through February 7, 1973: Employee number one, $408.00; employee number two, $412.00; total earnings of both other employees equaling $820.00 divided by 64 (the total number of days both employees worked) resulting in a daily rate of $12.81 multiplied by 30.416 (the number of days in a month) which would result in a monthly wage of $389.63.

However, because work was available to the applicant and to the similar employees for no more than 5 months out of the year, the sum of $389.63 must be multiplied by 5 which would result in yearly earnings of $1,948.15 divided by 12 months, resulting in an average monthly wage of $162.35. (22 Ariz.App. at 579, 529 P.2d at 733).

We set the award aside stating:

> It is clear that the hearing officer erred in that he did not consider the petitioner's past work record or other relevant factors in arriving at the final calculation of petitioner's average monthly wage. The award is set aside so that it may be reconsidered in light of the guidelines set forth in this opinion. (22 Ariz.App. at 587, 529 P.2d at 741).

In saying this we did not disapprove the formula used. We merely said, "this Court is unable to say as a matter of law that the award of $162.35 was erroneous", the reason being that the hearing officer did not examine the work record of the claimant to determine if other income history was available which should have been considered in determining average monthly wage.

■ In the instant case the hearing officer found that the petitioner was employed by the employer for a period from June 25, 1973, to August 21, 1973, a period of approximately 57 actual days; that he was not hired for permanent employment inasmuch as he was attending high school in Tucson; that his employment with the employer was the only employment of that nature which the applicant had in 1973 and he received $464.25 in wages for the entire year; that he was a high school student engaged as a farm laborer in the capacity of summer help; that although he was working on a full-time basis at the time of injury, his work did not have a full-time relationship to farm employment generally; that to take his rate of pay at the time of injury and apply it on a full-time or full year's basis was to ignore the intermittent nature of his employment and to compensate him on what he might have earned if on a full-time, full year basis; that to do so would compensate him greater than a student working after school the full year round at the same job who may work a greater number of hours than the summertime worker. These findings are fully supported by the evidence.

The hearing officer then concluded:

14. That had the applicant the intention of engaging in a full-time relationship to the labor market, the applicant's average monthly wage at the time of said injury would be found to be $321.73 under *Vinyard v. Industrial Commission*, 106 Ariz. 164, 472 P.2d 33 (1970), based on $1.50 per hour which the applicant was paid for a 49½-hour week at which he was employed; that there was no such intent, however, and having regard to the applicant's being in the full-time labor market for only a small percentage of a year and computing the average monthly wage from such employment, the average monthly wage would be $80.43.

15. That giving consideration to pertinent factors, the applicant's average monthly wage at the time of injury is found to be $80.43, calculated as follows:
$1.50 (hourly wage) times 49.5 (weekly hours) equals $74.25 per week;

$74.25 times 4.333 (weeks per month) equals $321.73 monthly income;
$321.73 times 3 (months available for work) equals $965.175;
$965.175 divided by 12 (months in year) equals $80.43 average monthly wage.

■ The record is clear that the petitioner was employed as a seasonal worker, and the hearing officer was correct in applying the *Dominquez v. Industrial Commission*, supra, formula for seasonal employment instead of the *Miller v. Industrial Commission*, supra, formula for non-seasonal employment since as *Miller* states, employment is the test. In addition, the necessary factors alluded to in *Dominquez* were weighed by the hearing officer in this case.

■ Finally, the issue raised by the petitioner in his reply brief cannot be considered by us. The proper function of the reply brief is governed by Rule 5(e), Rules of the Supreme Court, 17A A.R.S., and provides, "A reply brief . . . shall be confined to replying to questions either of law or fact raised by [respondent's] brief which were not contained in [petitioner's] opening brief." *Cf. Marine v. Allstate Insurance Co.*, 12 Ariz.App. 229, 469 P.2d 121 (1970); *Evans v. Federal Savings and Loan Insurance Corp.*, 11 Ariz.App. 421, 464 P.2d 1008 (1970).

The award is affirmed.

FROEB, P. J., and HAIRE, Chief Judge, Division 1, concur.