567 P.2d 317

Thomas A. STANTON, Jr., a minor, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Evco Farms, Inc., Syndicate, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 12911–PR.

Supreme Court of Arizona, In Banc.

July 14, 1977.

Rabinovitz, Minker & Dix by Bernard I. Rabinovitz, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix by Robert T. Wilson, Tucson, for respondents employer and carrier.

STRUCKMEYER, Vice Chief Justice.

Petitioner, Thomas A. Stanton, Jr., sustained a work-related injury and was awarded compensation benefits based on an average monthly wage of $80.43. He applied for a writ of certiorari to review the decision of the Industrial Commission. The Court of Appeals affirmed the award. 116 Ariz. 18, 567 P.2d 334 (1976). Decision of the Court of Appeals vacated. Award of the Industrial Commission set aside.

Petitioner, a high school student, was employed by respondent employer as a farm worker during the summer of 1973, with general duties of shovel work, hauling water, cutting petioles and bolls, and bucking rows. Employees hired on a year-round basis had other duties, which included operating machinery and vehicles, irrigating,

cultivating, and spraying, but some regular employees did the same work as petitioner.

It is urged that the hearing officer erred in establishing the average monthly wage at $80.43 in that *Miller v. Industrial Commission,* 113 Ariz. 52, 546 P.2d 19 (1976) is controlling here.

A.R.S. § 23–1041, the basis for computing compensation, provides in part:

"A. Every employee of an employer within the provisions of this chapter who is injured by accident arising out of and in the course of employment, or his dependents in event of his death, shall receive the compensation fixed in this chapter on the basis of such employee's average monthly wage at the time of injury."

Of § 23–1041, we said in *Kurtz v. Matich,* 96 Ariz. 41, 391 P.2d 594 (1964):

"Normally, consistent with *Kennecott Copper Corp. v. Industrial Commission,* [61 Ariz. 382, 149 P.2d 839 (1944)], the thirty days previous to the injury should be the basic wage for computing compensation but if the employment is intermittent for reasons over which the employee has control or the loss of time is a common and ordinary incident to the particular employment, the Commission may properly average a longer period to determine a wage base." 96 Ariz. at 44, 391 P.2d at 596.

In the present case, the hearing officer determined the average monthly wage by use of the following formula:

"* * * the applicant's average monthly wage at the time of injury is found to be $80.43, calculated as follows:

$1.50 (hourly wage) times 49.5 (weekly hours) equals $74.25 per week;

$74.25 times 4.333 (weeks per month) equals $321.73 monthly income;

$321.73 times 3 (months available for work) equals $965.175;

$965.175 divided by 12 (months in a year) equals $80.43 average monthly wage."

In dividing the three-months' earnings by 12, the hearing officer concluded that petitioner was engaged in a seasonal occupation. He relied on two Court of Appeals decisions as support for the above formula. Both have been disapproved by this Court. The opinion of the Court of Appeals in *Miller v. Industrial Commission,* 23 Ariz. App. 221, 532 P.2d 163 (1975), was vacated by this Court in *Miller v. Industrial Commission,* 113 Ariz. 52, 546 P.2d 19 (1976); the other, *Dominquez v. Industrial Commission,* 22 Ariz.App. 578, 529 P.2d 732 (1974), was expressly disapproved in *Miller.*

*Miller* dealt with an employee hired for a three-month period during the summer as a field geologist at $850.00 a month. During the school year he was a student at the University of Arizona. The hearing officer multiplied the monthly wage by three (months he worked), then divided the sum by 12 (months in a year), arriving at an average monthly wage of $212.50. This award was set aside. We held that although the employee was hired to work for only three months, the test for determining if his employment was seasonal was "whether the employment not the worker is intermittent or erratic." 113 Ariz. at 54, 546 P.2d at 21. We found that the student's occupation was not seasonal, citing *Pacey v. Industrial Commission,* 93 Ariz. 1, 377 P.2d 1015 (1963). There, a welder's helper working on a pipeline in northern Arizona was found not to be engaged in seasonal work because there were continuous opportunities for such work in the construction industry. There was no basis for the Industrial Commission's finding that a welder's helper was restricted to work opportunities in the pipeline construction industry.

Under the statute A.R.S. § 23–1041, the emphasis is on the employment, not the worker. Seasonal employment is in "occupations which can be carried on only at certain seasons or fairly definite portions of the year" and "does not include such occupations as may be carried on throughout the entire year." *Pettis v. Industrial Commission,* 91 Ariz. 298, 302, 372 P.2d 72 (1962).

In examining the employment in question, it appears that the employer hired

both full-time, year-round employees, and extra help at harvest time and in the summer. Petitioner's job duties were performed at other times than in the summer months by other regular employees. The State Compensation Fund points to the fact that the employer hired summer help to do farm work done only at this time of the year. The employer testified that he hired summer help for row bucking. But row bucking was only one of petitioner's duties. We therefore hold that the formula used by the hearing officer to ascertain the average monthly wage of $80.43 does not accurately reflect petitioner's earnings "at the time of injury." A.R.S. § 23–1041(A); *Miller,* supra.

The award of the Industrial Commission is set aside.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.