579 P.2d 606

Doyle **BAKER**, Petitioner,

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Jack Brown, Respondent Employer,**

**The Western Insurance Companies, Respondent Carrier.**

**No. 1 CA–IC 1709.**

Court of Appeals of Arizona, Division 1, Department C.

May 25, 1978.

W. Roy Tribble, Chandler, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by William C. Wahl, Jr., Lawrence H. Lieberman, Phoenix, for respondent employer and carrier.

## OPINION

WREN, Judge.

Petitioner Doyle Baker was employed to operate a cotton picking machine for Jack Brown, respondent employer. On the fourth day of his employment, petitioner injured his left hand. He has now instituted this Special Action—Industrial Commission to test the validity of an award setting his average monthly wage at $100.45.

There is no factual dispute in this case, only a legal dispute concerning the correct formula to be applied where an employee, employed in an admittedly seasonal employment is injured during the first 30 days of his employment.

Petitioner contends the correct method of computing his average monthly wage is to consider the wages for one month received by similarly situated workers. He contends this method is required by A.R.S. § 23–1041(B) in cases where an injured employee has not been continuously employed for a period of 30 days preceding his injury. Petitioner would thus strictly limit the inquiry to be made. Since he and other similarly situated workers earned $2.50 per hour and worked approximately ten hours a day as many as seven days per week, petitioner would have his wage calculated by multiplying the daily earnings by the average number of days in a month to find an average monthly wage of $760.43.

The Industrial Commission, however, calculated the wage by expanding the scope of the inquiry to include the fact that cotton picking is seasonal employment, available for only a few months each year. The following formula was used by the Commission in finding $100.45 as petitioner's monthly wage: The total wages earned by two cotton pickers, petitioner's fellow employees, during the harvest season were combined. This figure was divided by the number of days worked by both employees to arrive at a combined daily rate of earnings. The daily rate was multiplied by the average number of days in a month to arrive at a combined monthly wage for the two workers. Since cotton picking is purely seasonal, the combined monthly wage was multiplied by the number of months in a cotton picking season to establish the workers' combined yearly earnings. This figure was then divided by twelve months to arrive at a combined average monthly wage for the two workers and then divided by two to establish $100.45 as the average monthly wage for one worker.

Under all the circumstances of this case we believe the Commission's formula correctly included an entire twelve month period in calculating petitioner's wage. *See Pettis v. Industrial Commission*, 91 Ariz. 298, 372 P.2d 72 (1962).

Our Supreme Court has recently emphasized that the inquiry in average monthly wage cases, where it is contended a seasonal employment exists, should center on the nature of the employment itself and not on the employee. *Stanton v. Industrial Commission*, 116 Ariz. 1, 567 P.2d 317 (1977). In *Stanton* the court stated at 116 Ariz. 2, 567 P.2d 318:

> Under the statute A.R.S. § 23–1041, the emphasis is on the employment, not the worker. Seasonal employment is in "occupations which can be carried on only at certain seasons or fairly definite portions of the year" and "does not include such occupations as may be carried on throughout the entire year." *Pettis v. Industrial Commission*, 91 Ariz. 298, 302, 372 P.2d 72 (1962).

It is undisputed that cotton picking cannot be carried on throughout the year. The employment is seasonal and the hearing

officer correctly determined the formula to be used in calculating petitioner's average monthly wage.

We might face a different question if petitioner had been consistently employed throughout the year as a farm laborer, going from one type of crop harvest to the next. Petitioner here, however, specifically testified that he had intended to limit his employment to the cotton harvest. His reason for so limiting his employment was that he was 69 years old at the time of his injury and he did not want to lose social security benefits by earning more than the maximum allowed and thus reducing those benefits.

The award is affirmed.

DONOFRIO, P. J., and SCHROEDER, J., concurring.